B. B. BITNER, RESPONDENT, v. UTAH CENTRAL RAILWAY COMPANY, APPELLANT.

NEGLIGENCE—LOCOMOTIVES—INJURY AT CROSSING.—The failure to ring the bell or sound the whistle at crossing of highways are required by section 2350, Compiled Laws, Utah, 1888 (section 494 Compiled Laws 1876) is such statutory negligence as will in the absence of contributory negligence, render the railroad company liable for injuries resulting from a collision to a person in a wagon crossing the track.

DAMAGES—PERSONAL INJURY.—A verdict of $5000 damages for injuries to a middle-aged man of previous good constitution, where he would probably suffer more or less from injuries during life, is not excessive.

APPEAL from a judgment of the third district court and from an order refusing a new trial. The opinion states the facts.

Messrs. Williams & Young, for appellant.

Messrs. Sheeks & Rawlins, for respondent.

BOREMAN, J.:

The plaintiff below (respondent here) was, in his wagon, drawn by two horses, crossing the railroad track of defendant, when a passing freight train of defendant struck the wagon, and injured him, and he brought this action to re-

cover damages for such injuries, alleged to have been caused by the negligence of the defendant. The cause was tried with a jury, which gave a verdict in favor of plaintiff for $5,000 damages, and judgment was rendered accordingly. A motion for a new trial having been made and overruled, the defendant has brought the case, by appeal, to this court.

The appellant denies negligence on its part, and alleges that it was error for the jury and court to find that it was negligent. The statute requires that the locomotive bell "be rung at a distance of *at least one hundred rods* from the place where the railroad shall cross any street, road, or highway, and be kept ringing until it shall have crossed." No witness testifies that the bell was rung for half that distance, and some witnesses testify that it was not rung at all, until the train had almost reached the crossing, and while in a long, deep cut. The statute (Comp. Laws Utah, 214, sec. 494) provides, further, that "sounding the locomotive whistle, *at least one-fourth of a mile* before reaching any highway crossing, shall be equivalent to ringing the bell." No witness testified that the whistle was sounded at any time until the train was almost immediately at the crossing, and such sounding the whistle was not to give warning to persons crossing the track, but to notify the brakeman to "down brakes," as a collision was imminent. The railroad track was laid through a long and deep cut, some 12 feet deep, the height of which had been increased by earth thrown from the cut. This cut was the work of the appellant, and the increasing of the height was its work. The embankment thus made was a great obstruction to the view; so great, according to some of the witnesses, as to entirely obstruct the view for a distance.

Had this embankment been cut down, instead of being increased in height, there would have been a long stretch where a coming train could easily have been seen by a person anywhere near where respondent was before he began the descent to the railroad track. Had the whistle been sounded, or the bell rung, according to the requirement of the statute, it is probable that the attention of the respond-

ent would have been attracted to it while he was driving around on the west side of the track, for he says that he was on the lookout. Had the appellant done its duty in either of the respects we have stated, it seems evident that this accident would not have occurred, or, if it had occurred, the responsibility for it would have been removed from the appellant. The allowance of the train to run under such circumstances, and at such a place, imposed great watchfulness upon those having charge of the train to prevent collision, but no such watchfulness was shown. The responsibility for the accident was therefore upon the appellant, and wholly so, unless the respondent contributed to the injury by being negligent himself.

The respondent was required to use ordinary and usual care—such care as a reasonable man would have used under like circumstances. The evidence was, to some extent, conflicting, yet there was evidence from which the jury could reasonably conclude that the respondent was watchful in looking and listening for an approaching train, and kept his attention to the subject; that great noises were produced by smelting works and rock-crushing machines near-by, and that such noises were so great as to interfere with the hearing of the bell, and even as, measurably, to drown the sound of the bell; that, by reason of the embankment along the railroad track, and by reason of buildings and other obstructions, the train coming from the south could not easily have been seen, if at all, by a common observer, placed where respondent was; that a buggy, with the superintendent of the smelting works and a lady in it, had approached the crossing, and passed over the track, immediately in front of respondent; that the descent to the track was such that, when the team reached a position in the descent where the train could be seen, it was impossible to retreat; that respondent was not familiar with the hours for the passing of trains, and that this particular train was not on time; that respondent had crossed the track only a few moments before, and saw no train, and he was now returning to the east side; he was crossing on a public road, and had the right to cross there; that he had the right to rely upon it that

appellant would, at least, give the statutory warning of the approaching train; that the respondent approached the crossing slowly, stopping even to allow the superintendent to get ahead of him. Taking all the evidence together, we cannot say that the verdict of the jury, as to this point, was wrong.

It is urged, however, that the damages are excessive. The jury had the right to conclude from the evidence, especially from that of the physicians, that the injury to the respondent was produced by this collision, and that it was serious and permanent. The evidence on the part of the appellant showed that the respondent was, by the collision, knocked some 15 feet in the air, and fell then upon the ground. The respondent is a man in middle life, and was of good constitution before the accident, but his injuries are such that, during the residue of his life, he will probably continue to suffer, and to have his ability to work greatly interfered with, by reason of these injuries; and that by no fault of his, but by the negligence of appellant. We cannot say that the damages assessed by the jury are excessive or outrageous. The jury has said that damages should be allowed, and, unless we could say that they were excessive or outrageous, we would not be warranted in disturbing the verdict: *Barny* v. *Edmunds*, 116 U. S., 565; *Railroad Co.* v. *Arms*, 91 U. S., 489.

We see no error in the charge of the court. The order and judgment of the court below are affirmed, with costs.

ZANE, C. J., concurred. POWERS, J., concurred in the result.